IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND; ET AL., | ) ) ) | Civil No. 03-1213-JO |
| Plaintiffs, | ) ) | |
| v. | ) ) | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| DANIEL W. ELDRIDGE, formerly doing business as Kodiak Plumbing Service; ET AL., | ) ) ) | |
| Defendants. | ) | |

Cary R. Cadonau
David Sweeney
BROWNSTEIN RASK SWEENEY KERR GRIM DeSYLVIA & HAY, LLP
1200 S.W. Main Street
Portland, OR 97205

  Attorneys for Plaintiffs

Daniel W. Dickerson
DANIEL W. DICKERSON, P.C.
610 S.W. Alder, Suite 918
Portland, OR 97205

  Attorneys for Defendants

JONES, Judge:

As stated in my findings and conclusions from the bench, I find that under the Local Union No. 290 AFL-CIO Master Labor Agreement & Working Rules effective January 1997 to March 2003, Exhibit # 3, that the employer had the obligation to inform the union of any union-qualified employees who were performing union-qualified duties after the eight (8) day waiting period found in Section 5.2, which reads, in relevant part, as follows:

> It shall also be a condition of employment that all employees who are performing construction work covered by this Agreement and hired on or after its effective date shall, on the eighth (8th) day following the beginning of such employment, become and remain members in good standing in the UNION.

Conversely, once the employer had notice of a qualified non-union employee performing union-qualified work, the union had the obligation under the same contract, Section 5.4, to give written notice to the employer to terminate the employee. In this case neither the employer nor the union fulfilled the terms of notice as provided in the contract.

I find that although the employer claims to have sent a written letter by regular mail of contract termination to the union in October of 2002, the contract required that any notice be sent by certified or registered mail. Thus, if the letter was sent, it was a legal nullity. However, I find that the union had actual notice of contract termination when the letter was delivered to the union's business agent in January of 2003, thereby terminating the contract on its specified date of March 31, 2003.

Further, as to specific employees, I deem that actual notice of employment of union-eligible employees after the eight (8) day period in Section 5.2 is sufficient to satisfy the terms of the contract. The union had actual notice of the employment of the following

PAGE 2 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

employees: Nicholas R. Thomas, Douglas S. Stone, Charles D. Taylor, and indeed referred Taylor to the employer. As to Thomas and Stone, actual notice by Larry Jurgensmeier, the union's agent, did not occur until sometime in late October or early November 2002 even though those employees had worked prior to that date.

By submitting the monthly remittance reports to the union, the employer, Daniel Eldridge, does not contest that he was bound to the terms and conditions of the collective bargaining agreement. The defendant Eldridge conceded that he conducted business initially as a sole proprietor under the name of Kodiak Plumbing Service and had formed two shell corporations, Shatzi Enterprises and Shatzi Incorporated, at later times for the same business and same business name. Thus, I make no distinction among the defendants for Eldridge's responsibilities under the agreement.

Defendant Daniel Eldridge misguidedly continued to remit payments to the union after he became an employer and thus was no longer eligible for any union benefits. I therefore will deduct from the amount owed by the employer to the union the amount of money remitted to the union on Eldridge's behalf as shown in the record.

The qualified and disqualified employees are listed below with the total amount of damages due from the defendants to the plaintiffs, which will not include any prejudgment interest because damages were uncertain and the plaintiffs recovered less than half of the damages sought.

The following employees are disqualified for the calculation of plaintiffs' damages because they did not work enough hours to sustain full-time employment beyond the 8-day waiting period:

>    Paul M. Kittleson (worked 5.5 hours),
>
>    Adam King (worked 15.0 hours), and
>
>    Logan S. Couch (worked 8.0 hours).

Two employees are disqualified from the damages calculation because they did not perform work covered under the bargaining agreement:

>    Brad Lawrence - store sales and manager,
>
>    Josh Honomichl - apprentice.

Further, employee Richard Rodgers is excluded from the damages calculation because his employment post-dates the time-period for damages.

>    Thus, the remaining qualified employees are:
>
>    Frank J. Guida for work performed in January through March 2001,
>
>    Gerald R. Price for work performed in March 2001,
>
>    Douglas S. Stone for work performed in July 2002 through October 2002,
>
>    David K. Quarles for work performed in July 2002 through March 2003,
>
>    Nicholas R. Thomas for work performed in April 2002 through October 2002, and
>
>    Jimmy J. Hardman for work performed in April 2002 through March 2003.

My damages calculations below are based on contribution and dues rates provided in Exhibit # 18 and the number of hours worked by each employee gathered in an audit performed by Peggy Freeman, <u>see</u> Plaintiffs' Exhibits # # 14, 15, 16, 17, on behalf of plaintiffs and accepted without objection from defendants:

| WORKER | DATES WORKED | HOURS WORKED | UNION CLASSIFICATION | AMOUNTS DUE TO FUNDS | AMOUNTS DUE TO UNION |
|---|---|---|---|---|---|
| Frank J. Guida | 01–03/2001 | 180.00 | HLC-Journeyman | $2,075.40 | $154.80 |
| Gerald R. Price | 03/2001 | 130.25 | HLC-Journeyman | $1,501.80 | $112.02 |
| Douglas S. Stone | 07–10/2002 | 172.50 | HLC-Journeyman | $2,432.28 | $150.08 |
| David K. Quarles | 07/2002–03/2003 | 1,507.75 | HLC-Journeyman | $20,913.80 | $1,311.74 |
| Nicholas R. Thomas | 04–10/2002 | 1,152.00 | Water Heater Installer | $10,648.02 | $819.34 |
| Jimmy J. Hardman | 04/2002 – 03/2003 | 1,265.75 | Water Heater Installer | $11,968.48 | $907.93 |
| **Subtotals:** | | | | **$49,539.78** | **$3,455.91** |

Based on the calculations above, the total amount owing from Daniel Eldridge and Shatzi Incorporated to the Trustees is $49,539.78 and to the Union is $3,455.91. However, I reduce the amount owed to the Union by $2,310.08 which is the total amount improperly remitted to the Union on behalf of Daniel Eldridge as shown in Plaintiffs' Exhibit # 6. Therefore, plaintiffs are awarded the following amounts:

        Trustee Funds:    $ 49,539.78

        Union:    $ 1,145.83

The court orders judgment in these amounts. No costs are awarded to any party.

DATED this 13th day of May, 2005.

                                                 ROBERT E. JONES
                                                 U.S. District Judge