IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 03-1213-JO |
| v. | ) ) | O R D E R |
| DANIEL W. ELDRIDGE, formerly doing business as Kodiak Plumbing Service; ET AL., | ) ) ) ) | |
| Defendants. | ) | |

    Cary R. Cadonau
    David J. Sweeney
    Paul G. Dodds
    Stephen H. Buckley
    BROWNSTEIN RASK SWEENEY KERR GRIM DeSYLVIA & HAY, LLP
    1200 S.W. Main Building
    Portland, OR 97205

   Attorneys for Plaintiff

    Daniel W. Dickerson
    Matthew A. Arbaugh
    DANIEL W. DICKERSON, P.C.
    610 S.W. Alder, Suite 918
    Portland, OR 97205

   Attorneys for Defendants

JONES, Judge:

Plaintiffs move this court to order attorney fees (#55) as prevailing parties in a breach of contract dispute with defendants. Defendants refute the characterization of plaintiffs as the prevailing parties under federal law, applicable trust agreements, and the union collective bargaining agreement. Further, defendants assert that plaintiffs' motion for summary judgment was frivolous and therefore, plaintiffs' requested fees relating to that motion should be denied.

Defendants argue that plaintiffs are not a prevailing party because I reduced plaintiffs' requested award and awarded reimbursement to defendant Eldridge for dues improperly remitted to his union, one of the plaintiffs. The fundamental dispute at trial was whether defendants were obligated to pay laborer fringe benefits. I found that the defendants were obligated under the applicable agreements and awarded plaintiffs a corresponding amount that was less than plaintiffs' requested amount. Further, I found that defendant Eldridge had misguidedly remitted union dues and reduced plaintiffs' adjusted award to reflect that inequity.

My finding that defendants were obligated to fund laborer fringe benefits altered the legal relationship between the parties in favor of plaintiffs. See Shaw v. City of Sacramento, 250 F.3d 1289, 1294 (9th Cir. 2001) (citing Farrar v. Hobby, 506 U.S. 103, 111-112 (1992)). The later determination of damages could only take place after the determination of the parties' legal rights. Thus, plaintiffs are the prevailing parties in this case.

Turning to defendants' objection to plaintiffs' fee request, I find that plaintiffs' motion for summary judgment was not frivolous as it was made in good faith based on proper legal grounds. I now turn to review for reasonableness plaintiffs' request for attorneys' fees.

The hourly rate ranges for plaintiffs' attorneys appear to be within the range for comparable Portland area private practice attorneys based on my review of fee requests. I note that plaintiffs' more senior attorneys billed a below-market level hourly rate that corresponded to an average hourly rate for their associate attorney. There is nothing manifestly unreasonable in the ascribed hourly rates. Additionally, the number of hours worked appears reasonable.

Plaintiffs' motion for attorney fees (#55) is GRANTED in the amount of $28,082.50.

IT IS SO ORDERED.

DATED this 16th day of September, 2005.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge